UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MARK T. ANDERSON,

        Defendant.

Case No. 20-cv-1165-pp

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 7) AND DISMISSING CASE**

---

On July 29, 2020, the plaintiff filed a complaint seeking "to reduce to judgment unpaid federal income tax assessments made against defendant Mark T. Anderson." Dkt. No. 1 at ¶1. The plaintiff alleges that the defendant's tax debts are liabilities under 26 U.S.C. §7402(a). Id. at ¶2. The defendant has not responded. The Clerk of Court entered default on December 2, 2020. On June 4, 2021, the plaintiff filed this motion for default judgment. Dkt. No. 7. The court will grant the motion and dismiss the case.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

1

Federal Rule of Civil Procedure 4(e)(2)(A) permits a plaintiff to effect service by "delivering a copy of the summons and complaint to the individual personally." On October 24, 2020, the plaintiff, through a process server, personally served a copy of the summons and complaint on the defendant at his 6826 West Capitol Drive address in Milwaukee. Dkt. No. 4. The court is satisfied that service of process was proper.

## II. Plaintiff's Motion for Default Judgment

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement

Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint, filed on behalf of the Internal Revenue Service, originally sought "$375,262.91, plus interest and statutory additions that have accrued and will continue to accrue thereon after July 24, 2020, until the judgment is paid." Dkt. No. 1 at 4, ¶3. The plaintiff alleged that the defendant owed this amount based on the IRS's assessments of federal income tax, penalty and interest against the defendant for 2004, 2005 and 2006. Id. at ¶8. The plaintiff included a chart demonstrating the breakdown of the total sum:[1]

| Tax Year | Date of Tax Assessment | Tax Assessed | Penalty Assessed | Interest Assessed | Balance of Liability as of July 24, 2020. |
|---|---|---|---|---|---|
| 2004 | 2/22/2010 | $ 25,617 | $ 5,123.40 | $ 3,813.71 | $50,083.11 |
| | 10/22/2012 | | $ 6,239.02 | | |
| | 10/28/2013 | | | $ 4,634.62 | |
| | 10/27/2014 | | | $ 1,295.16 | |
| | 11/2/2015 | | | $ 1,334.76 | |
| | 10/31/2016 | | | $ 1,590.50 | |
| 2005 | 2/22/2010 | $ 51,294 | $ 10,258.80 | $ 13,356.62 | $127,445.96 |
| | 10/22/2012 | | $ 12,823.50 | | |
| | 10/28/2013 | | | $ 10,280.92 | |
| | 10/27/2014 | | | $ 2,976.54 | |
| | 11/2/2015 | | | $ 3,126.82 | |
| | 10/31/2016 | | | $ 3,761.53 | |

---

[1] This chart was recreated by the court.

| 2006 | 2/22/2010 | $ 81,504 | $ 16,300.80 | $ 17,558.19 | $197,733.84 |
|------|-----------|----------|-------------|-------------|-------------|
|      | 10/22/2012 |         | $ 20,208.00 |             |             |
|      | 10/28/2013 |         |             | $ 15,761.04 |             |
|      | 10/27/2014 |         |             | $  4,574.48 |             |
|      | 11/2/2015  |         |             | $  4,805.43 |             |
|      | 10/31/2016 |         |             | $  5,814.72 |             |
|      |           |          |             | TOTAL       | $375,262.91 |

Id. at 2-3. The plaintiff asserted that the balance indicated in the last column of the chart "includes assessments, payments, credits, lien and collection fees, and accrued statutory interest (which compounded daily on the entire unpaid balance from the date of the assessment through July 24, 2020)." Id. at 3. It stated that the amount does not include any interest and statutory additions that have accrued after July 24, 2020. Id. These tax assessments made by the IRS are presumed correct. United States v. Fior D'Italia, Inc., 536 U.S. 238, 242-43 (2002).

The plaintiff asserted that notices of the assessments made against the defendant for the federal income tax years of 2004, 2005 and 2006 were given to the defendant "on or about the dates of the assessments." Dkt. No. 1 at ¶10. It alleged that the defendant failed to pay the amounts owed for each of those three years, making him liable for the amount requested. Id. at ¶¶11-12.

In the motion for default judgment, the plaintiff asserts that the amount owed as of May 23, 2021 was $382,872.43. Dkt. No. 8 at 4. The plaintiff has attached the payoff calculator, which includes the interest and statutory additions that accrued through May 23, 2021. Dkt. No. 9-2.

The court will grant the motion for default judgment. The court finds that the defendant owes the plaintiff $382,872.43 plus interest and statutory additions that have accrued since May 23, 2021.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 7.

The court **ORDERS** that the clerk must enter default judgment in favor of the plaintiff and against the defendant in the amount of $382,872.43 plus any and all interest and statutory additions that have accrued since May 23, 2021. The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 30th day of June, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**